# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. DAWKINS,<br><br>                                Plaintiff,<br>     vs.<br><br>C BUTLER, et al.,<br><br>                               Defendants. | CASE NO. 09-CV-1053 JLS (POR)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>(Doc. Nos. 56, 60, & 86.) |

Presently before the Court is Magistrate Judge Louisa S. Porter's report and recommendation (R&R) advising this Court to grant two motions to dismiss. (Doc. No. 86 (R&R).) Also before the Court are Plaintiff's objections to the R&R (Doc. No. 89 (Objections)) and Defendants' response (Doc. No. 93 (Resp.)). After consideration, the Court **ADOPTS** the R&R and **GRANTS** both motions to dismiss.

## BACKGROUND

Plaintiff Anthony Dawkins, a state prisoner proceeding pro se, filed a third amended complaint (TAC) pursuant to 42 U.S.C. § 1983 alleging eight separate claims against twenty Defendants for violations of his First, Eighth, and Fourteenth Amendment rights. (R&R 1.) Since the TAC was filed, the wheat has been separated from the chaff. The Court sua sponte dismissed Claims two, four, seven, and eight in an Order dated March 17, 2010. (Doc. No. 28.) Only Claims one, three, five, and six remain. (*Id.*) Furthermore, of the twenty defendants, only Defendants

Butler, Gonzalez, Stratton, Ries, Moschetti, Trujillo, Guevara, Mejia, Ibarra, and Duran remain.[1] (*Id.*)

Plaintiff's first claim alleges that Defendants Trujillo, Villa, and Allen violated the Eighth Amendment by using excessive force. (*Id.*) In Claim Three, Plaintiff contends that Defendant Moschetti retaliated against Plaintiff for exercising his First Amendment right to seek redress. (*Id.*) In Claim Five, Plaintiff contends Defendants violated his Eighth and Fourteenth Amendment rights by falsifying reports to place Plaintiff in administrative segregation. (*Id.*) And in Claim Six, Plaintiff alleges violations of his First Amendment and due process rights.

On June 18, 2010, Defendants Butler, Gonzalez, Stratton, Ries, Moschetti, Trujillo, Guevara , Mejia, and Ibarra filed a motion to dismiss. (Doc. No. 56.) One month later, Defendant Duran filed a motion to dismiss and also joined in the previous motion. (Doc. No. 60.) After consideration, Judge Porter issued an R&R recommending this Court grant Defendants' motions. Plaintiff timely objected, and Defendants responded—one day late.

**LEGAL STANDARD**

**1.    Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

///

///

---

[1] Defendants Woodford, Chief Deputy Warden Ochoa, Gower, Smith, Ramirez, Barker and Harmon were terminated from the matter while Defendants Allen, Siota, and Villa have not yet been served. (R&R 1.)

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts pursuant to Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S.—, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.*

If a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not

1  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
2  1992). In other words, the Court may deny leave to amend if amendment would be futile. *See id.*;
3  *Schreiber Distrib.*, 806 F.2d at 1401.

## ANALYSIS

### 1.  Claims One, Three, and Five

Judge Porter found that Claims One, Three, and Five were barred by the statute of limitations and recommended granting Defendants' motion to dismiss as to each claim. (R&R 8–10.) Taking into account the statute of limitations for personal injury actions and California's two year tolling for incarcerated individuals, Claims One, Three, and Five should have been filed by December 14, 2007, June 16, 2008, and February 24, 2009, respectively. (*Id.*); *see also* Cal. Code Civ. P. § 352.1(a). Plaintiff did not file his original complaint until May 11, 2009. (Doc. No. 1 (Compl.).) On this point, the Court agrees with Judge Porter. These three claims are barred by the statute of limitations.

Plaintiff's main objection to the Judge Porter's findings is based on equitable tolling. Plaintiff argues that equitable tolling should apply because Plaintiff cited "exceptional circumstances" that were beyond his control with respect to the statute of limitations. (Objections 4.) This naked assertion of "exceptional circumstances" is insufficient to support equitable tolling. Plaintiff provides new factual allegations on this issue in his objection to the R&R, but such allegations cannot be properly considered when evaluating a motion to dismiss. *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Accordingly, the Court **ADOPTS** Judge Porter's R&R and **GRANTS** the motion to dismiss as to Claims One, Three, and Five. These claims are **DISMISSED WITHOUT PREJUDICE**.

### 2.  Claim Six

In Claim Six, Plaintiff alleges two separate constitutional violations. First, Plaintiff alleges that Defendants Mejia and Ibarra violated his First Amendment rights by fabricating charges against him as retaliation for exposing another correctional officer's sexual misconduct. (R&R 11.) Second, Plaintiff contends that Defendant Duran violated his right to due process because Duran

was an impartial decision-maker. (*Id.* at 14–15.) The Court discusses each constitutional violation in turn, beginning with the First Amendment retaliation claim.

Plaintiff's First Amendment retaliation claim asserts that Defendants Mejia and Ibarra fabricated charges of indecent exposure against Plaintiff in retaliation for Plaintiff exposing the sexual misconduct of another correctional officer. Judge Porter found that Plaintiff failed to sufficiently allege—pursuant to the *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005), pleading standard for retaliation claims—that a state actor took some action that (1) chilled his exercise of his First Amendment rights, and (2) was not narrowly tailored to advance a legitimate correctional goal. (R&R 13–14.)

As noted in the previous section, the Court is essentially limited to the pleadings when considering a motion to dismiss. *See Schneider*, 151 F.3d at 1197 n.1. And it is again on this note that Plaintiff's retaliation claim fails. Plaintiff's TAC fail to allege any harm suffered or that Defendants' actions did not advance a legitimate correctional goal. The Court therefore finds that Plaintiff failed to allege a retaliation claim.

Plaintiff also asserts a violation of his due process rights under this cause of action. Plaintiff argues that Defendant Duran violated his due process rights when Duran found Plaintiff guilty of indecent exposure. This violated due process because Duran was allegedly biased against Plaintiff. Duran had found Plaintiff guilty of "over-familiarity" in the past and had also allegedly failed "to consider a written statement which was prepared by the Plaintiff at the time of the hearing." (TAC 19.)

Prisoners facing disciplinary hearings are entitled to several things, among them an impartial fact finder and the opportunity to present documentary evidence when doing so would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974). Plaintiff's TAC fails to allege facts establishing a violation of either entitlement.

First, Duran is not impartial merely because he presided over a previous disciplinary hearing and found Plaintiff guilty. *See Gauthier v. Dexter*, 573 F. Supp. 2d 1282, 1289 (C.D. Cal. 2008); *see also Litkey v. United States*, 510 U.S. 540, 555 (1994) (stating that opinions formed on

1  the basis of prior proceedings "do not constitute a basis for a bias or partiality motion unless they
2  display a deep-seated favoritism or antagonism that would make fair judgment impossible").
3  Plaintiff fails to allege sufficient facts demonstrating that Duran was unable to render a fair
4  judgment because he had previously found Plaintiff guilty in an unrelated incident.
5       Second, Duran's alleged disregard of Plaintiff's written statement is insufficient to
6  demonstrate a due process violation. Plaintiff alleges that Defendant Duran "refused to consider
7  [Plaintiff's] written statement" and simply "placed [it] underneath a stack of paperwork without
8  considering it." (TAC ¶ 52.) This does not establish that Plaintiff was unable to present the merits
9  of his defense. Plaintiff does not allege that the substance of his written statement was any different
10 from the verbal defense he presumably presented or that Plaintiff was precluded from reading his
11 statement aloud.
12      Plaintiff's sixth cause of action asserts a retaliation claim in violation of the First
13 Amendment and a claim for violation of his due process rights. The Court finds that Plaintiff failed
14 to allege facts sufficient to establish either claim. Accordingly, the Court **ADOPTS** Judge Porter's
15 R&R and **GRANTS** the motion to dismiss as to Claim Six. This claim is **DISMISSED**
16 **WITHOUT PREJUDICE**.

17 **3.     Qualified Immunity**

18      Plaintiff does not object to the R&R's conclusions regarding Defendants' qualified
19 immunity. Having reviewed the relevant portion of the R&R, the Court finds that it is thorough,
20 well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** Judge Porter's R&R.
21 *See* Fed. R. Civ. P. 72 advisory committee's note. Defendants' motion to dismiss claims against
22 Defendants in their official capacities is **GRANTED**. These claims are **DISMISSED WITH**
23 **PREJUDICE.**

24 **4.     Declaratory Relief**

25      Judge Porter denied Plaintiff's request for declaratory relief because there were no valid
26 claims for relief remaining. (R&R 15.) Having also dismissed Plaintiff's claims, this Court agrees
27 with Judge Porter. Plaintiff has no valid claims on which declaratory relief can issue. Accordingly,
28 the Court **ADOPTS** Judge Porter's R&R and **DENIES WITHOUT PREJUDICE** Plaintiff's

request for declaratory relief.

**5.    Injunctive Relief**

Plaintiff objects to the R&R's conclusion that his request for injunctive relief against future retaliatory treatment is moot. Although Plaintiff has been transferred to another facility, Plaintiff states that the "California Department of Corrections and Rehabilitation remain the natural custodians of each and every prison under its jurisdiction." (Objections 15.) Plaintiff's subjective fear of future arbitrary and retaliatory treatment is unavailing. Plaintiff is currently housed at a different prison run by officials other than the named Defendants. (R&R 19.) Further, Plaintiff does not allege that he has been or will in fact be subjected to retaliatory treatment. Plaintiff's request lacks "sufficient immediacy and reality to warrant" injunctive relief. *See Preiser v. Newkirk*, 422 U.S. 395, 403 (1975). Accordingly, the Court **ADOPTS** Judge Porter's R&R and **DENIES WITHOUT PREJUDICE** Plaintiff's request for injunctive relief.

**CONCLUSION**

For the reasons stated above, the Court **ADOPTS** Judge Porter's R&R. Defendants' motions to dismiss are **GRANTED**. (Doc. Nos. 56 & 60.) Plaintiff's first, third, fifth, and sixth causes of action are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's requests for declaratory and injunctive relief are **DENIED WITHOUT PREJUDICE**. Plaintiff's claims against the Defendants in their official capacities are **DISMISSED WITH PREJUDICE**. Any amended complaint **SHALL BE FILED** within 21 days of the date that this Order is electronically docketed. If no amended complaint is received by that time, the Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: March 14, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge