# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. DAWKINS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>C. BUTLER, Correctional Captain, et al.<br><br>　　　　　　　　　　　Defendants. | Civil No.   09cv1053- JLS (POR)<br><br>**ORDER REQUESTING<br>SUPPLEMENTAL BRIEFING** |

On April 29, 2011, Plaintiff Anthony Dawkins filed a Fourth Amended Complaint (hereinafter FAC) against Defendants Butler, Gonzalez, Stratton, Ries, Moschetti, Trujillo, Guevara, Mejia, Ibarra, and Duran. (Doc. 102.)   On May 15, 2011, Defendants filed a Motion to Dismiss Plaintiff's Fourth Amended Complaint. (Doc. 107.)  Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss, and Defendants filed a subsequent Reply. (Docs. 109, 110.)  After reviewing the papers submitted by the parties, it appears Plaintiff's Claim One for excessive use of force, Claim Three for retaliation, and Claim Five for due process violations may be time-barred unless equitable tolling applies.

In Plaintiff's FAC, Plaintiff represents he is entitled to equitable tolling for the time his previous case, *Dawkins v. Woodward*, No. 07-cv-1088-BEN-NLS, was pending. (FAC at 5-7.) Plaintiff contends Claim One began to accrue on December 14, 2003, and therefore, with the two-year statute of limitation plus California's two-year tolling for imprisoned individuals on criminal

-1-

charges, Plaintiff had until December 14, 2007 to file Claim One. *Id.* at 7. As to Claim Three, Plaintiff contends the statute of limitations began to accrue on June 16, 2004, and therefore, including the two-year statute of limitation plus California's two-year tolling for imprisoned individuals on criminal charges, he had until June 16, 2008 to file Claim Three. *Id.* Plaintiff represents Claim Five began to accrue on February 24, 2005. Plaintiff argues, including the two-year statute of limitation plus California's two-year tolling for imprisoned individuals on criminal charges, he had until February 24, 2009 to file Claim Five. *Id.* Plaintiff represents he filed his previous complaint on June 14, 2007, prior to the expiration of the statute of limitations for all three claims. Accordingly, Plaintiff argues if the court equitably tolls the time between June 14, 2007 and February 9, 2009 while his previous case was pending, his original complaint in this case filed on May 1l, 2009 would be timely. Thus, Plaintiff argues he timely filed Claims One, Three and Five. *Id.* at 6-7.

Defendants contend Claims One, Three and Five are untimely and therefore procedurally barred. (Doc. 107-1 at 5-7.) Defendants represent that although Plaintiff filed his previous case on June 24, 2007, the court dismissed the case without prejudice on February 9, 2009. *Id.* at 6. Plaintiff then re-filed the original complaint in this case on May 11, 2009, after the statute of limitations had already run on Claims One, Three, and Five. *Id*. at 6-7. Defendants argue the court's dismissal without prejudice of the previous complaint does entitle Plaintiff to equitable tolling "because it was plaintiff's own inaction - failure to serve process - that caused the dismissal." *Id.* at 6. Thus, Defendants contend Plaintiff filed this Complaint after the statute of limitations had already expired for Claims One, Three, and Five, and therefore, these claims are barred. *Id.* at 6-7.

The Court has reviewed the docket of Plaintiff's previous case. Plaintiff filed his complaint in the previous case on June 14, 2007, which the court dismissed for failure to state a claim. (*Dawkins v. Woodward*, No. 07-cv-1088-BEN-NLS, Docs. 1, 2.) Plaintiff filed a Second Amended Complaint, which the court also dismissed for failure to state a claim. (Doc. 8, 9.) On July 28, 2008, Plaintiff filed a Third Amended Complaint (Doc. 11.) On October 23, 2008, District Judge Benitez issued a Notice of Hearing - Dismissal for Want of Prosecution and set the hearing for December 15, 2008. (Doc. 13.) On December 29, 2008, Judge Benitez issued another Notice of Hearing -

Dismissal for Want of Prosecution and reset the hearing for February 2, 2009. (Doc. 14.) On January 29, 2009, after both notices but prior to the actual hearing, Plaintiff filed a letter notifying the court that as of December 11, 2008, Plaintiff was placed in administrative segregation. (Doc. 16.) On February 2, 2009, Judge Benitez held a hearing for Dismissal for Want of Prosecution in which no parties appeared. Judge Benitez dismissed the case for want of prosecution for failure to serve process. (Doc. 18.)

Accordingly, IT IS HEREBY ORDERED:

1. On or before **October 5, 2011**, Plaintiff shall file a supplemental brief addressing the following:

   a) Whether his actions meet the three conditions to equitably toll a statute of limitations under California law. Specifically, Plaintiff shall address whether: (1) he diligently pursued his claim; (2) his situation is the product of forces beyond his control; and (3) the defendants would be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th, 1335 (Cal. Ct. App. 1994); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

   b) Whether Plaintiff received notice of (1) the hearing set for December 15, 2008, and (2) the hearing reset for February 2, 2009.

2. On or before **October 12, 2011**, Defendants shall file a Reply, if any, to Plaintiff's supplemental brief.

**IT IS SO ORDERED.**

DATED: September 8, 2011

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Janis L. Sammartino
all parties