**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY D. DAWKINS, CDCR #E-40626,<br><br>                                      Plaintiff,<br>    vs.<br><br>JEANNE WOODFORD, et al.,<br>                                      Defendant. | CASE NO. 09CV1053 JLS (POR)<br><br>**ORDER (1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>(ECF Nos. 107, 120) |

Presently before the Court is Magistrate Judge Louisa S. Porter's report and recommendation ("R&R") advising the Court to grant in part and deny in part Defendants' motion to dismiss. (R&R, ECF No. 120) Also before the Court are Plaintiff Anthony D. Dawkins's ("Plaintiff" or "Dawkins") objections to the R&R, (Obj., ECF No. 122), and Defendants' late-filed reply,[1] (Reply, ECF No. 123).

**BACKGROUND**

Magistrate Judge Porter's R&R contains a thorough and accurate recitation of the facts and procedural history underlying Plaintiff's pro se complaint, brought pursuant to 42 U.S.C. § 1983. (R&R 1–7, ECF No. 120) This Order incorporates by reference the facts as set forth in the R&R.

Defendants did not file objections to the R&R. Dawkins objected to the R&R on December 15, 2011, (Obj., ECF No. 122), to which Defendants replied on January 3, 2012,

---

[1] Magistrate Judge Porter directed the parties to file any objections to the R&R on or before December 15, 2011, and to file any reply to the objections no later than fourteen days after being served with the objections. (R&R 28, ECF No. 120) Dawkins filed his objection on December 15, 2011. (Obj., ECF No. 122) Accordingly, Defendants' objections were due on December 29, 2011, but were not filed until January 3, 2012. (Reply, ECF No. 123) Nevertheless, because the delay was not significant and given the proximity to the New Year's holiday, the Court will consider Defendants' reply here.

- 1 -           09cv1053

1 (Reply, ECF No. 123).  Plaintiff's objections "exclusively focus on those claims and/or issues which the court granted the Defendants in its recommendation," namely, claims one and three, and the claims for declaratory and injunctive relief.  (Obj. 2, ECF No. 122)  For convenience, the Court summarizes the facts and procedural history relevant to those claims here.

**1. Claim One – Excessive Force in Violation of Eighth Amendment**

On December 14, 2003, Dawkins, a prisoner of the State of California, was allegedly placed in the Administrative Segregation Unit ("ASU") "based on fabricated allegations of threatening staff."  (Fourth Am. Compl. ("4AC") 8, ECF No. 102)  With regard to the excessive force used against him, Dawkins alleges that he was "forcefully shoved up against a wall," his "feet were forcefully kicked apart," and he "suffered three forceful blows to his ribs."  (*Id.*)  As a result, Dawkins alleges that he suffered "periodic rib pain" and "psychological distress." (*Id.*)

**2. Claim Three – Retaliation in Violation of the First Amendment**

On June 16, 2004, Dawkins allegedly had a dispute with Defendant Moschetti "in regards to obtaining legal documents for an appeal related to the excessive force incident" detailed above. (*Id.* at 10)  Dawkins alleges that he was "placed in ASU for pursuing said claim but under the pretext of overfamiliarity which was retaliatory."  (*Id.*)

**3. Procedural History**

Dawkins, a prisoner proceeding pro se, first filed a civil rights complaint concerning the above events on June 14, 2007.  (*Dawkins v. Woodward*, No. 07-cv-1088-BEN-NLS, ECF No. 1) After several rounds of amendments, Dawkins filed a third amended complaint on July 28, 2008, (*id.*, ECF No. 11), which District Judge Roger T. Benitez eventually dismissed for want of prosecution on February 2, 2009, (*id.*, ECF No. 17).

Subsequently, Dawkins filed his original complaint in the instant case on May 11, 2009. (Compl., ECF No. 1)  And, again after several rounds of amendments, Dawkins filed the operative 4AC.  (4AC, ECF No. 102)  Defendants moved to dismiss, (Mot. to Dismiss, ECF No. 107), and Magistrate Judge Porter issued an R&R recommending that claims one and three be dismissed as time barred, (R&R 13, 14, ECF No. 120).

//

**LEGAL STANDARD**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**MOTION TO DISMISS**

**1. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts

1  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must
3  be probable, but there must be "more than a sheer possibility that a defendant has acted
4  unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible
5  entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept
6  as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific
7  analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation
8  omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
9  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
10 entitled to relief.'" *Id.* Moreover, "[f]or a complaint to be dismissed because the allegations give
11 rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."
12 *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotation marks
13 omitted).

14 Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
15 determines that the allegation of other facts consistent with the challenged pleading could not
16 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
17 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
18 1986)). In other words, where leave to amend would be futile, the Court may deny leave to
19 amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

20 **2. Analysis**

21 Here, only Dawkins has timely filed objections to the R&R. Thus, the Court will make a
22 de novo determination as to the portions of the R&R to which Dawkins objects—namely, the
23 recommendation to grant the motion as to claims one and three, and as to the declaratory and
24 injunctive relief claims. As to the remaining claims, the Court has reviewed the R&R, finds that it
25 is thorough, well reasoned, and contains no clear error, and accordingly **ADOPTS** those portions
26 of the R&R to which there are no objections.

27 //
28 //

*A. Claims 1 and 3*

*(1) Summary of the R&R's Conclusions*

Magistrate Judge Porter concluded that claims one and three were time barred, and granted Defendants' motion to dismiss on this basis. (R&R 13, 14, ECF No. 120)  Specifically, the R&R determined that pursuant to federal law, Plaintiff's § 1983 claim accrued on the date he knew or had reason to know of the injury forming the basis of the action—December 14, 2003, as to claim one, and June 16, 2004, as to claim three. (*Id.* at 10, 11, 13)  The R&R reasoned that the applicable statute of limitations for Plaintiff's § 1983 claims is based on the forum state's statute of limitations for personal injury actions, which in California is two years. (*Id.* at 9)  And, the R&R further determined that in California, "the two-year statute of limitations is tolled for a period not to exceed two years while a person is 'imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life.'" (*Id.* at 10 (citing Cal. Civ. P. Code § 352.1(a)))

"Including the two year statute of limitations as well as California's two year tolling for individuals imprisoned on criminal charges," the R&R found that claim one needed to be filed by December 14, 2007, and claim three by June 16, 2008. (*Id.* at 11, 14)  But, the original complaint in this case was not filed until May 11, 2009, well beyond either of those two dates. (*Id.* (citing Compl., ECF No. 1))

The R&R further concluded that equitable tolling did not apply to save either claim from the expiration of the limitations periods, because "[u]nder California law, an action dismissed without prejudice [such as Plaintiff's prior action before Judge Benitez] does not toll the statute of limitations." (*Id.* at 12 (citing *Wood v. Elling Corp.*, 572 P.2d 755, 759–60 (Cal. 1977); *Hull v. Cent. Pathology Serv. Med. Clinic*, 34 Cal. Rptr. 2d 175, 179 (Cal. Ct. App. 1994)))  Thus, because Dawkins could not establish that he diligently pursued his claim but that forces beyond his control prevented him from filing within the limitations period, Magistrate Judge Porter declined to toll the statute of limitations, finding Plaintiff's claims time barred.

Finally, even tolling the time period during which Plaintiff was in the ASU between December 11, 2008, and May 11, 2009, Magistrate Judge Porter found the claims still time barred

1 because the statutes of limitations had already expired prior to this time period.  (R&R 13, 14, ECF
2 No. 120)

*(2)  Objections to the R&R's Conclusions*

Dawkins asserts that Magistrate Judge Porter erred by not equitably tolling the statute of limitations for claims one and three.  Specifically, Plaintiff contends that the statute of limitations should have been tolled because (1) his "false-imprisonment within a prison from February 15, 2005, to February 14, 2006, certainly impeded the claims herein," (Obj. 7, ECF No. 122); and (2) "[t]he court's customary pattern of dismissals for failure to state a claim via sua sponte screenings [in his prior case before Judge Benitez] precluded any such service of process," (*id.* at 8).

*(3)  Analysis*

Dawkins does not object to Magistrate Judge Porter's conclusions as to the applicable statute of limitations, the date the causes of action accrued, or the applicability of the two-year tolling provision of California Code of Civil Procedure section 352.1(a).  Having reviewed these sections of the R&R, the Court finds that the R&R is thorough, well reasoned, and contains no clear error.  Accordingly, as Magistrate Judge Porter concluded in the R&R, absent any equitable tolling, claim one needed to be filed by December 14, 2007, and claim three by June 16, 2008.

Generally, federal courts apply the forum state's law regarding equitable tolling.  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999); *Bacon v. City of L.A.*, 843 F.2d 372, 374 (9th Cir. 1988).  Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Bacon*, 843 F.2d at 374.  And where, as here, a plaintiff seeks to toll the statute of limitations on the basis of an earlier-filed, timely action, (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling.  *See Addison v. State of Cal.*, 578 P.2d 941, 943–44 (Cal. 1978) (describing the "*Bollinger* rule" of equitable tolling, *Bollinger v. Nat'l Fire Ins. Co.*, 154 P.2d 399 (Cal. 1944)); *Hull*, 34 Cal. Rptr. 2d

1  at 179 (same).

2  Here, Magistrate Judge Porter determined that because Plaintiff's prior action was dismissed without prejudice due to his own failure to serve process, he was unable to meet the first or second requirements for *Bollinger* equitable tolling. (R&R 12–13, ECF No. 120)  The Court agrees.  Under California law, where a previous action is dismissed for want of prosecution, it was not diligently pursued for purposes of *Bollinger* equitable tolling.  *Wood*, 572 P.2d at 759–60. Moreover, Plaintiff's prior case was dismissed due to his own failure to comply with Federal Rule of Civil Procedure 4(m), not due to any forces beyond his control.  *See, e.g.*, *Hull*, 34 Cal. Rptr. 2d at 180 (finding that dismissal of the plaintiff's complaint due to her own failure to comply with a rule of civil procedure did not amount to a force beyond her control).

11  Plaintiff objects on the basis that the statute of limitations should have been tolled despite Judge Benitez's dismissal because Plaintiff was precluded from service process.  The Court sympathizes with Plaintiff's contention that "[t]he issue is one of a pro se litigant getting up to speed on the procedural requirements of law with limited or no law library access and no formal training in litigation."  (Obj. 8, ECF No. 122)  But the Court nevertheless finds that Judge Benitez provided sufficient procedural safeguards prior to dismissing Plaintiff's case for want of prosecution.

18  As Dawkins argues, there indeed appeared to be a "pattern of dismissals for failure to state a claim via sua sponte screenings" in his previous case set before Judge Benitez.  (Obj. 8, ECF No. 122); (*Dawkins v. Woodward*, No. 07-cv-1088-BEN-NLS, ECF Nos. 2, 6, 9)  These sua sponte screenings were required pursuant to 28 U.S.C. § 1915A, however.  That section requires a court to review all civil complaints brought by prisoners against governmental entities or officers or employees of a governmental entity, as here.

24  Eventually, Dawkins broke this pattern of dismissals: his third amended complaint survived the initial § 1915A screen.  Accordingly, Dawkins was required, pursuant to Federal Rule of Procedure 4(m), to serve a copy of the summons and complaint within twenty-one days of the date he filed his complaint.  In case Dawkins had become accustomed to the pattern of sua sponte dismissals, however, Judge Benitez alerted him to his obligation to serve the defendants: On

1  October 23, 2008, and again on December 29, 2008, Judge Benitez issued a notice of hearing for
2  dismissal for want of prosecution under Rule 4(m), including a detailed explanation of what
3  Dawkins needed to do to avoid dismissal. (*Dawkins v. Woodward*, No. 07-cv-1088-BEN-NLS,
4  ECF Nos. 13, 14)

5  Because Plaintiff nevertheless failed to comply with the procedural requirements necessary
6  to pursue his claim, his case was dismissed for want of prosecution. As such, Plaintiff neither
7  diligently pursued his claim nor was the dismissal due to forces outside of his own control. Thus,
8  equitable tolling does not apply to these claims and they are time barred. Plaintiff's objection on
9  this basis is therefore **OVERRULED**.

10  Plaintiff also objects on the basis that the statute of limitations should have been tolled
11  from February 15, 2005, to February 14, 2006, due to his false imprisonment within a prison.[2] The
12  Court finds this objection persuasive only as to claim three. As to claim one, even if the Court
13  equitably tolls the statute of limitations for this additional year, the claim remains time barred. As
14  to claim three, however, this additional year of equitable tolling would bring his claim within the
15  statute of limitations.

16  Plaintiff claims he was falsely imprisoned within a prison when he was placed in ASU
17  under false pretenses. (Obj. 8, ECF No. 122) And, though not specifically argued in his
18  objections, Plaintiff alleged in his 4AC that being placed in ASU resulted in "a significant change
19  in confinement . . . Plaintiff was deprived of all the amenities of a general population inmate which
20  includes phone calls, contact visitation, and free access to the law library." (4AC 15, ECF No.
21  102) Plaintiff's "limited ability to investigate [his] claims, to contact lawyers and to avail
22  [himself] of the judicial process," *Elliot v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994),
23  are significant procedural hurdles that, if true, would warrant the tolling of the statute of
24  limitations beyond the time provided by the statutory tolling provision of section 352.1, *see Burns*

---

[2] Plaintiff asserted before Magistrate Judge Porter that the statute of limitations should be equitably tolled for the time he was in ASU without access to his legal files, but only for the time period between December 11, 2008, and May 11, 2009. Because this short period did not extend the statute of limitations until the date Plaintiff eventually filed his complaint, however, Magistrate Judge Porter did not consider whether this was a sufficient basis to equitably toll the statute of limitations in the R&R. *See supra* at 5–6. Plaintiff did not present to Magistrate Judge Porter the February 15, 2005, to February 14, 2006, tolling argument the Court considers here.

1  *v. Decarr*, No. 07-1984, 2008 U.S. Dist. LEXIS 97954, at *9–12 (S.D. Cal. Dec. 3, 2008)
2  (Sammartino, J.).

3  Thus, the Court cannot find "it appears beyond doubt that the plaintiff can prove no set of
4  facts that would establish the timeliness of [his] claim." *Supermail Cargo, Inc. v. United States*,
5  68 F.3d 1204, 1207 (9th Cir. 1995); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1275
6  (9th Cir. 1993) ("[W]hen a motion to dismiss is based on the running of the statute of limitations,
7  it can be granted only if the assertions of the complaint, read with the required liberality, would
8  not permit the plaintiff to prove that the statute was tolled.").[3] Accordingly, the Court declines to
9  adopt the R&R as to claim three; Defendants' motion to dismiss claim three is therefore **DENIED**.

### B. Declaratory Relief Claim

Magistrate Judge Porter granted Defendants' motion to dismiss the declaratory relief claim because "adjudicating Plaintiff's claims for declaratory relief would require the same inquiry and yield the same result on the question of liability as Plaintiff's claim for damages," finding Plaintiff's declaratory relief claim premature. (R&R 26–27, ECF No. 120)

Plaintiff does not object to the R&R's conclusion, but rather requests that he be permitted to pursue his declaratory relief claim in the future, "[i]n the event that Defendants' (sic) are found liable for damages under § 1983." (Obj. 10, ECF No. 122) Because Magistrate Judge Porter recommended dismissing this claim without prejudice, Plaintiff is already entitled to the relief he is requesting. Accordingly, Plaintiff's objection on this basis is **DENIED AS MOOT**.

### C. Injunctive Relief Claim

Magistrate Judge Porter also granted Defendants' motion to dismiss the injunctive relief claim, reasoning that because Plaintiff is no longer housed at Calipatria State Prison, "an injunction ordering the employees of Calipatria State Prison to stop taking retaliatory measures against him would not grant Plaintiff any relief." (R&R 27, ECF No. 120)

//

---

[3] The Court notes, however, that in light of the fact that Plaintiff's complaint in the earlier-filed case was dismissed for failure to serve, it is unclear whether Defendants had "timely notice of the claim." *Bacon*, 843 F.2d at 374. Defendants do not raise this as a basis for why the statute of limitations should not be equitably tolled, however. (*See* Mot. to Dismiss, ECF No. 107)

In his objection, Plaintiff contends that injunctive relief is warranted because "employees at Calipatria State Prison certainly have friends & family members who work at other prisons so their reach is not limited to Calipatria State Prison." (Obj. 10, ECF No. 122)  This hypothetical situation is not enough to save Plaintiff's injunctive relief claim, however, and this Court agrees with Magistrate Judge Porter's conclusion to dismiss the injunctive relief claim without prejudice to Plaintiff bringing it when and if he is transferred back to Calipatria State Prison.  Petitioner's objection on this basis is therefore **OVERRULED**.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R in part and **DECLINES TO ADOPT** the R&R in part.

The Court **DECLINES TO ADOPT** the R&R as to Defendants' motion to dismiss claim three; Defendants' motion to dismiss claim three is therefore **DENIED**.

The Court **ADOPTS** the R&R in all other respects, and **ORDERS** the following: (1) Defendants' motion to dismiss claim one is **GRANTED**; (2) Defendants' motion to dismiss claim five is **DENIED**; (3) Defendants' motion to dismiss Plaintiff's First Amendment claim against Defendants Mejia and Ibarra is **DENIED**; (4) Defendants' motion to dismiss Plaintiff's due process claim against Defendant Duran is **DENIED**; (5) Defendants' motion to dismiss Plaintiff's request for declaratory relief is **GRANTED** and Plaintiff's request is **DISMISSED WITHOUT PREJUDICE**; and (6) Defendants' motion to dismiss Plaintiff's request for injunctive relief against employees at Calipatria State Prison is **GRANTED** and Plaintiff's request is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: February 21, 2012

Honorable Janis L. Sammartino
United States District Judge